364 So.2d 866 (1978)
James R. HALL, Appellant,
v.
STATE of Florida, Appellee.
No. JJ-66.
District Court of Appeal of Florida, First District.
December 1, 1978.
Michael J. Minerva, Public Defender and Louis G. Carres, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen. and George R. Georgieff, Asst. Atty. Gen., for appellee.
PER CURIAM.
Hall appeals a conviction for attempted burglary of a residence, alleging that a statement made by the prosecutor in closing argument constituted a comment on his constitutional right to silence. We agree and reverse.
*867 Appellant presented no evidence or testimony at his trial. His counsel, however, subjected the state witnesses to cross-examination which revealed some discrepancies between the various accounts of the offense. Subsequently, in closing argument, the prosecutor walked over to appellant, pointed at him, and made the following comment:
"Oh, Mr. Stokes [appellant's counsel], he's putting the spotlight on Lucille  asking questions about whether or not she had ever sold a beer to a minor before. It has nothing whatsoever to do with this case  not at all. But, you know, that's a favorite defense tactic, because this man is sitting over here quietly. Mr. Stokes gets on to Lucille, and gets on to Dennis, and gets on to the other witnesses. You know why? Because he doesn't want you to look at his defendant during the course of this trial. He wants to take the spotlight off of this defendant, James Hall. But let me remind you that James Hall is the one on trial today. No one else."
Appellant's counsel objected and moved for a mistrial. The trial court, after listening to a tape recording of the statement and hearing argument outside of the jury's presence, concluded that the word "quietly" had been used only to describe appellant's demeanor during the closing argument, and did not refer to his silence during the testimony.
On this record, we cannot agree that the statement was anything but a comment on appellant's failure to present testimony on his own behalf. The comment by its very terms contrasts the state's presentation of a case with appellant's failure to make such a presentation. Furthermore, it appears obvious to us that the word "quietly" refers to appellant's silence during the cross-examination portion of the testimony rather than during the closing argument.
The Supreme Court of Florida has recently reiterated that an improper comment on a defendant's exercise of his right to remain silent, if properly preserved for appeal through objection, constitutes reversible error. Clark v. State, 363 So.2d 331 (Fla. 1978), opinion filed July 28, 1978. We therefore reverse the judgment and remand the case for a new trial.
REVERSED and REMANDED.
MILLS and BOOTH, JJ., concur.
BOYER, Acting C.J., dissents.
BOYER, Judge, dissents.
I respectfully dissent. In my view there has been no comment on the defendant's right to remain silent. I would consider the quoted statement by the prosecutor in the same manner as did the learned trial judge and would affirm.