413 So.2d 1302 (1982)
Sarai RAMOS, Appellant,
v.
The STATE of Florida, Appellee.
No. 80-550.
District Court of Appeal of Florida, Third District.
May 25, 1982.
Bennett H. Brummer, Public Defender and Michael Zelman and Elliot Scherker, Asst. Public Defenders, for appellant.
Jim Smith, Atty. Gen. and Paul Mendelson, Asst. Atty. Gen., for appellee.
Before HENDRY, BASKIN and JORGENSON, JJ.
HENDRY, Judge.
Sarai Ramos appeals her convictions and sentences for two counts of second degree murder, carrying a concealed firearm and possession of a firearm in commission of a felony, alleging reversible error as a result of the prosecutor's improper comment on her right to remain silent. We agree and reverse.
During voir dire, the prosecutor stated to the jury:
Defense counsel also indicated to you during voir dire examination certain things about the law, as he referred to, I believe, related to somebody's right not to say *1303 anything, talking about the Fifth Amendment of the United States Constitution, which says no person can be compelled to be a witness against themselves. In other words, you have an absolute right to remain silent. You can take the Fifth any time you want to. You need not testify in any court of law if testifying might incriminate you... . [I]s it clear to everybody here that the decision as to whether or not to testify or to speak before you is a decision not made by the Office of the State Attorney or by Miss Kaghan or myself, but it is a decision totally up to the Defendant, who can, if she wants to, get up and speak, because she has a right to 
Defense counsel immediately objected on the ground that this was an improper comment on defendant's silence. The objection was overruled and the case proceeded to trial.
Citing Clark v. State, 363 So.2d 331 (Fla. 1978), the state contends that defendant waived the objection by failing to move for a mistrial after her objection was overruled. However, defendant has pointed out that the supreme court recently receded from the strictures of Clark, holding that improper comment on silence is preserved for appellate review by a contemporaneous objection alone if the objection is overruled. Where the objection is overruled, a motion for mistrial is a futile gesture which is unnecessary to preserve the error. Simpson v. State, (Fla. 1982) (Case No. 49,681, opinion filed April 8, 1982).
The prosecution's comment, implying that defendant's testimony might have incriminated her, when considered in light of the fact that she did not take the stand, was clearly amenable to interpretation by the jury as referring to her failure to testify. See David v. State, 369 So.2d 943 (Fla. 1979). As such, the comment constituted reversible error, not curable by cautionary instructions or resort to the harmless error rule. Clark v. State, supra; Cunningham v. State, 404 So.2d 759 (Fla.3d DCA 1981), and cases cited. Accordingly, this otherwise valid conviction must be reversed as a result of prosecutorial zeal.
For the reasons previously expressed, we hold that defendant's objection was preserved for review, and that the improper comment constitutes reversible error entitling her to a new trial.
The judgments and sentences are reversed and remanded for the purpose of granting a new trial.