427 So.2d 265 (1983)
Fernando FERNANDEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 82-453.
District Court of Appeal of Florida, Second District.
February 16, 1983.
Geoffrey C. Fleck and Richard A. Sharpstein of Weiner, Robbins, Tunkey & Ross, P.A., Miami, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Theda James Davis, Asst. Atty. Gen., Tampa, for appellee.
SCHOONOVER, Judge.
The defendant/appellant, Fernando Fernandez, appeals from the judgment and sentence whereby he was found guilty by a jury of trafficking in cannabis in an amount in excess of 10,000 pounds. The appellant contends that the trial court erred in denying his motion for a mistrial based upon comments made by the prosecution in closing argument. We agree and reverse.
At the trial, the defendant did not testify and presented no evidence in his behalf. During his closing argument, the prosecutor said:
This morning when you first came in here Mr. Sharpstein said, "The defense rests." I would suggest to you during this entire trial the defense has rested. I haven't heard a defense yet.
The defendant's attorney, Mr. Sharpstein, immediately objected to this statement and moved for a mistrial. The court denied the motion but gave the jury a curative instruction.
The Fifth Amendment to the Constitution of the United States provides in part that no person shall be compelled in any criminal case to be a witness against himself. The United States Supreme Court in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), held this to mean the prosecution may not use at trial *266 the fact that the defendant claimed his privilege to remain silent in the face of a criminal accusation.
The Florida Supreme Court in the case of Clark v. State, 363 So.2d 331 (Fla. 1978), has also held that evidence of postarrest silence is improper because it violates the defendant's right against self incrimination. The court in Clark held that if properly preserved for appeal, the admission of such testimony constitutes reversible error. In the case sub judice, defense counsel properly objected and moved for a mistrial when the prosecutor made the above-mentioned statement. The error was such that it could not be cured by a cautionary instruction to the jury. Watkins v. State, 363 So.2d 575 (Fla. 3d DCA 1978).
The prosecutor's statement was clearly a comment upon the defendant's failure to testify in the face of criminal accusations made against him. Young v. State, 280 So.2d 13 (Fla. 2d DCA 1973). As stated by the Florida Supreme Court in Trafficante v. State, 92 So.2d 811 (Fla. 1957), at page 814:
In summary, our law prohibits any comment to be made, directly or indirectly, upon the failure of the defendant to testify. This is true without regard to the character of the comment, or the motive or intent with which it is made, if such comment is subject to an interpretation which would bring it within the statutory prohibition and regardless of its susceptibility to a different construction.
In the case of State v. Bolton, 383 So.2d 924 (Fla. 2d DCA 1980), we held that, in view of the entire record, certain statements by the prosecutor in his closing arguments were directed at defense counsel and not at the failure of the defendant to testify. In the case sub judice, as mentioned above, the prosecutor's comments are certainly subject to an interpretation that he was commenting upon the failure of the defendant to testify, and accordingly, said comments violated the defendant's constitutional rights and were in violation of Florida Rules of Criminal Procedure 3.250.
We reverse and remand for a new trial.
SCHEB, A.C.J., and RYDER, J., concur.