435 So.2d 883 (1983)
Barry LAYTON, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-769.
District Court of Appeal of Florida, Third District.
July 12, 1983.
Rehearing Denied August 24, 1983.
Bennett H. Brummer, Public Defender and Elliot H. Scherker, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Diane Leeds, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and NESBITT and DANIEL S. PEARSON, JJ.
PER CURIAM.
Because the prosecutor's closing argument comment
"[As] you know, it doesn't take a genius to figure out that Mr. Layton and Mr. Parker, as opposed to the other witnesses, have been sitting here in this courtroom with the advantage and ability to listen to how each witness testified ..."
is, particularly where Parker, the co-defendant, testified, "fairly susceptible," David v. State, 369 So.2d 943, 944 (Fla. 1979), of being interpreted by the jury as referring to Layton's failure to testify, see Hall v. State, 364 So.2d 866 (Fla. 1st DCA 1978); Singleton v. State, 183 So.2d 245 (Fla. 2d DCA 1966), "regardless of its susceptibility to a different construction," Trafficante v. State, 92 So.2d 811, 814 (Fla. 1957); and *884 because such a comment, although in the circumstances of this case unquestionably harmless, is reversible error without resort to the harmless error doctrine where, as here, the error is preserved by a timely overruled objection,[1]David v. State, 369 So.2d 943; Trafficante v. State, 92 So.2d 811; Ramos v. State, 413 So.2d 1302 (Fla. 3d DCA 1982); Cunningham v. State, 404 So.2d 759 (Fla. 3d DCA 1981), we reverse and remand for a new trial.
For the benefit of the trial judge assigned to retry this case, we note that we have examined appellant's other points on appeal and have found them to be without merit. We particularly note that the defendant's post-arrest statement, since shown to be made after a knowing and intelligent waiver of Miranda rights and to be otherwise voluntary, was properly admitted in evidence and is entitled to admission on any retrial.
Reversed and remanded.
NOTES
[1] And preserved by an equally unsuccessful but unnecessary motion for mistrial, see Simpson v. State, 418 So.2d 984 (Fla. 1982); Ramos v. State, 413 So.2d 1302 (Fla. 3d DCA 1982).