BASKIN, Judge.
This is an appeal)by the state from an order granting defendant Moya a new trial following a jury verdict finding Moya guilty of kidnapping and sexual battery. We affirm.
The trial court’s order states:
The Defendant was tried before a jury for the crimes of kidnapping and sexual battery. He did not testify during the trial; however, his statement given to the police after his arrest was admitted into evidence. During that statement he was asked whether he understood that he was charged with committing the *447 crimes of kidnapping and sexual battery; he answered “yes.”
During closing argument, the prosecutor, probably inadvertently, stated to the jury that the Defendant did not deny committing kidnapping.
This statement was an impermissable [sic] comment upon the defendant’s silence. The error is fundamental.* Accordingly, it is
Ordered that the Defendant is granted a new trial.
It is axiomatic that the trial court has a wide discretion in granting a new trial and that, absent a showing of an abuse of discretion, such a ruling should not be disturbed. Baker v. State, 336 So.2d 364 (Fla.1976); Hanson v. State, 187 So.2d 54 (Fla. 3d DCA 1966). Because the prosecutor’s remark about Moya’s failure to deny his participation in the kidnapping constitutes an impermissible comment on defendant’s failure to testify, violating his constitutional rights, it is not subject to the harmless error doctrine. David v. State, 369 So.2d 943 (Fla.1979); Layton v. State, 435 So.2d 883 (Fla. 3d DCA 1983). We therefore find no abuse of discretion in the trial court’s grant of a new trial.
Affirmed.

 Defendant raised a timely objection to the prosecutor’s comment.