700 So.2d 1233 (1997)
Kerry AUSTIN, Appellant,
v.
STATE of Florida, Appellee.
No. 96-2460.
District Court of Appeal of Florida, Fourth District.
September 10, 1997.
Rehearing Denied November 19, 1997.
Richard L. Jorandby, Public Defender, and Cherry Grant, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Sharon A. Wood, Assistant Attorney General, West Palm Beach, for appellee.
STONE, Chief Judge.
We affirm Appellant's conviction and sentence on counts of aggravated assault, throwing a deadly missile into a building, and resisting arrest. Appellant seeks reversal on two issues: the trial court's denial of a mid-trial continuance, and the court's overruling of an objection to a comment by the state in closing argument that Appellant construes as a comment on his failure to testify.
At trial, the victim stated that she was approached by Appellant, whom she had known for years, outside a store. Appellant wanted to talk about a hit-and-run accident involving a mutual friend, but she did not want to discuss it and turned towards the store. She then looked back at Appellant and saw his hand in the air and a piece of *1234 concrete flying towards her; she ducked, the object shattered the store window, and a flying piece of glass cut her in the head.
The store owner testified that she was inside the store, heard the argument, saw a man's hand go up and saw the glass break. She found the piece of concrete block on the floor with the broken glass. When the officers subsequently confronted Appellant at his home, he put up a struggle.
The mid-trial continuance was sought because one of the arresting officers, not subpoenaed by the defense, was out of town. At one time he had been under state subpoena but was released. The reason asserted in requesting the continuance was the defense's contention, based on an inadmissible arrest report, that the victim stated to the officer that the rock bounced off her shoulder before striking the window. At trial, and in deposition, the victim contended that she was not struck by the object that shattered the window because she ducked.
We have considered Mitchell v. State, 580 So.2d 852 (Fla. 2d DCA 1991), but deem it inapposite. In Mitchell, as here, the defense was surprised when a witness under a state subpoena was released from the subpoena just prior to trial. There, however, the defense had tried to serve a subpoena on the desired witness but was unable to locate him. Mitchell was charged with robbing a bank, and the essential issue was whether the bank teller had correctly identified him. The absent witness had been at the bank and had recognized and spoken to the robber but had told investigating officers that he did not know Mitchell. The absent witness' testimony, therefore, was crucial to whether Mitchell was the person who had been at the bank. The Second District held this witness was "so critical a witness to appellant's identity as the accused robber that to deny appellant an opportunity to present that testimony to the jury was, under the circumstances of this case, a palpable abuse of discretion." Id. at 854.
In this case, however, the most that the vacationing officer's testimony would add is impeachment of the victim's testimony on a minor point. Appellant argues that the point is important because, if the jury believed that Appellant first struck the victim with the rock and it bounced off her body before smashing the window, then Appellant could not have violated section 790.19, according to In Interest of J.G., 655 So.2d 1284 (Fla. 4th DCA 1995). That case held that the intent to strike a person could not be transferred into the specific intent to damage certain property required by the criminal mischief statute. Id. at 1285.
We deem J.G. inapposite. Opinions interpreting section 790.19, Florida Statutes, have resolved that a person who "intentionally shoots at, within, or into a building for the primary purpose, or with the specific intent, of shooting at a person in or near the building" has violated section 790.19. Skinner v. State, 450 So.2d 595, 596 (Fla. 5th DCA 1984) (emphasis added); Smith v. State, 463 So.2d 542, 545-46 (Fla. 5th DCA 1985). This reasoning applies equally to a thrown missile. Additionally, the missing officer's testimony would not have added anything regarding this issue, as the evidence presented at trial was that Appellant was throwing the rock at the victim. Therefore, the testimony was not critical.
With respect to the final argument issue, the state's comment in question was:
The only testimony and, again, think about what the opening statement was, what the defense told you where the case was going. The opening statement was: The defendant never threw a rock. Did you ever hear anything from this stand but the fact that that man threw a rock? You have no testimony from this stand that indicates otherwise.
In this case, defense counsel, in opening statement, asserted that Appellant did not throw the rock. Certainly, if the prosecutor's remarks imply that Appellant should have testified, the remarks are improper.
In the opening statement, defense counsel had stated:
When [Appellant] approached [the victim] and asked her about this incident, she became enraged and violent. [Appellant] never threw a brick at [the victim]. He never gothe never became violent. She was the only one that became violent.

*1235 There were other people in front of Dorothy's Convenience Store at the time. [Appellant] did leave the area and go home.
The trial court did not err in construing the prosecutor's statement as not being a comment on Appellant's failure to testify. Rather, it was a response to the defense assertion that Appellant did not throw the rock. The prosecution could lawfully respond that the defense argument is not what the evidence shows, by reminding the jury that all of the testimony was to the contrary and that the victim's testimony was confirmed by the store owner who saw a man commit the offense. See Mitchell v. State, 678 So.2d 1362, 1363 (Fla. 1st DCA), rev. denied, 686 So.2d 580 (Fla.1996) (stating in dicta that the prosecutor's closing remarks were an invited, fair reply to defense counsel's remarks and did not constitute prejudicial error when considered in context); Crowley v. State, 558 So.2d 529, 530-31 (Fla. 4th DCA 1990); Romero v. State, 435 So.2d 318 (Fla. 4th DCA 1983). We note that the defense was not denying Appellant's presence or that the communication had occurred. Neither do we interpret the state's comments as misleading the jury as to the burden of proof. Vazquez v. State, 635 So.2d 1088 (Fla. 3d DCA 1994). The state has a right, and even a duty, to respond to the defense's suggestion. To ignore it gives it credence. Under the circumstances, the prosecutor's comment was not improperly stated. The prosecutor made no mention of either the defendant or defense witnesses, or any duty to present the same.
Additionally, if this comment was improper, we deem it harmless error. State v. DiGuilio, 491 So.2d 1129 (Fla.1986); Bertolotti v. State, 476 So.2d 130 (Fla.1985); State v. Murray, 443 So.2d 955 (Fla.1984); Knox v. State, 521 So.2d 322 (Fla. 4th DCA 1988); Ryan v. State, 457 So.2d 1084 (Fla. 4th DCA 1984).
Therefore, the judgment and sentence are affirmed.
DELL and STEVENSON, JJ., concur.