723 So.2d 351 (1998)
STATE of Florida, Appellant,
v.
Terry DIX, Appellee.
No. 98-363.
District Court of Appeal of Florida, Fifth District.
December 18, 1998.
*352 Robert A. Butterworth, Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellant.
James B. Gibson, Public Defender, and Thomas J. Lukashow, Assistant Public Defender, Daytona Beach, for Appellee.
ORFINGER, M., Senior Judge.
The state appeals from an order granting defendant a new trial, after a jury convicted him of aggravated battery. Because we find that a new trial was not warranted, we reverse.
Defendant was charged with aggravated battery by shooting the victim in the chest. Although the defendant did not testify at trial, defense counsel argued in opening and closing statements that the shooting was an accident that resulted when defendant attempted to grab the victim's gun and it went off.
At trial, the state presented several eyewitnesses to the shooting. One witness, Anthony Tolbert, testified that he was riding by the scene and saw defendant and the victim fighting. He heard a shot and saw the victim on the ground. Several months later, Tolbert and the defendant were both in jail and the defendant had told him that he had "a beef" with the victim over some girls and the shooting was over the girls. In closing argument, the prosecutor made the following statement:
... He [Tolbert] asked Mr. Dix, why did you shoot him? And Mr. Dix told him, in more or less general terms, I have a beef with him, he has more girls, and I don't like him.
Now, why did he say that? Because that is exactly the reason he shot this man. Because he doesn't like him and he has a beef with him. There is no, it was an accident, he tried to shoot me, I had to grab the gun from him. No. What he said is, I have a beef with him.
The defense objected and moved for a mistrial, arguing that the prosecutor was commenting on the burden of proof and on defendant's right to remain silent. The court denied the motion, but subsequently granted a motion for new trial on this ground.
The state has a right, and in fact a duty, to respond to the explanation of the charges given by the defense, because to ignore the defense is to give it credence, Austin v. State, 700 So.2d 1233, 1235 (Fla. 4th DCA 1997). However, no evidence may be adduced that is fairly susceptible of being interpreted by the jury as a comment on defendant's right to remain silent. Kirkland v. State, 684 So.2d 732 (Fla.1996).
Here, the prosecutor was commenting on the testimony of a witness regarding an admission by defendant that was admissible under the admission exception to the hearsay rule. See generally, Wyatt v. State, 641 So.2d 1336 (Fla.1994) (statement defendant made to former employer was admissible under admission of party exception to hearsay rule); Hoefert v. State, 617 So.2d 1046 (Fla.1993)(former cellmate could testify that defendant said he got a thrill out of choking women during sex, as statement was admissible as exception to hearsay rule). In fact, defendant does not argue that Tolbert's testimony was inadmissible.
In the case before us, the prosecutor made no reference to the absence of any testimony by defendant. He was commenting on the statement made by defendant to Tolbert and comparing that statement to the defense asserted by defense counsel in his opening statement. This was not error. See Austin, supra, 700 So.2d at 1234, 1235; Batista v. State, 685 So.2d 20 (Fla. 3d DCA 1996), rev. denied, 695 So.2d 698 (Fla.1997); Kennedy v. State, 490 So.2d 195 (Fla. 2d DCA 1986).
The order granting a new trial is reversed and the cause is remanded with directions to enter judgment on the jury verdict and to sentence defendant accordingly.
REVERSED WITH DIRECTIONS.
W. SHARP and THOMPSON, JJ., concur.