ON MOTION FOR REHEARING, MOTION FOR REHEARING EN BANC, AND/OR MOTION FOR CERTIFICATION, AND MOTION TO STAY MANDATE
PER CURIAM.
The State’s motion for rehearing, rehearing en banc, motion for certification, and motion to stay mandate are denied. However, we issue the following opinion in place of our original opinion issued April 17, 2002.
Alister Jones timely appeals after he was convicted by a jury of lewd assault and false imprisonment of a child under thirteen. Of the four points he’ raises on appeal we reverse on one. We hold the court erred in overruling his objections to the state’s improper comment during clos *474 ing argument and, accordingly, reverse his conviction. •
The victim, 10 years old at the time in question, testified that Jones lived one floor below her in their apartment building. On the date in question, they were both in an elevator when he asked her if he could have a hug; she said yes. After hugging her for a long while, he asked if he could kiss her, but this time she said no. Nevertheless, he tried to kiss her with his tongue and did kiss her on her nose and lips. She tried to get away, but he held on to her against the corner wall of the elevator. When the elevator reached her floor (Jones had missed his), she pushed him away and ran home.
The victim, hysterical, paged her mother and told her what had happened. Her mother testified Jones did not have her consent to be on the elevator' with her daughter.
The detective who took a taped statement from Jones also testified. He explained that Jones first denied being on the elevator at all, but later admitted he had been. Jones denied ever speaking to the girl. '
Jones later moved for. a judgment of acquittal. He contended, in part, that the state did not introduce any evidence of false imprisonment. The court denied the motion.
During closing argument, the state remarked,
The State of Florida has proven this case beyond a reasonable doubt and I ask you to go back in that jury room, apply your common sense to the true facts of this case and come back and tell the defendant what he knows sitting there today, that he is guilty of indecent assault.
Jones objected to “that comment, what the defendant knows.” The court ordered a side-bar, at which point it overruled the objection.
Later, Jones’ attorney argued to the jury that if it believed the victim “beyond and to the exclusion of every reasonable doubt, that’s what this case is ... an unnatural act and a battery, open and shut.” The jury convicted him as charged. Following sentencing, he. appealed.
Jones argues that by referring to him as “sitting there,” the state highlighted to the jury that he did not testify. The supreme court has held that “[i]f the comment is ‘fairly susceptible’ of being interpreted by the jury as a comment on the defendant’s exercise of his right to remain silent it will be treated as such.” Jackson v. State, 522 So.2d 802, 807 (Fla.1988) (citations omitted). We hold the state’s remarks impermissibly commented on Jones’ right to remain silent. By both referring to him as “sitting there” and instructing the jury to “tell him what he already knows,” the state suggested that Jones did not testify because he knew he was guilty. Thus, the court should have sustained the objection. See Dailey v. State, 594 So.2d 254 (Fla.1992)(where defendant chose not testify, comment by prosecutor in closing that the only people who could tell the jury what had happened were the dead victim, an unavailable witness, and the defendant, held to impermissibly highlight the defendant’s decision not to testify); Heath v. State, 648 So.2d 660 (Fla.1995). The error is not harmless because the state’s case essentially boiled down to the minor victim’s testimony and her credibility; as such, a new trial is warranted.
We respectfully disagree with Judge May’s analysis of Hams v. State, 438 So.2d 787 (Fla.1983) as controlling authority mandating affirmance. We find the complained of comment in Hams distinguishable from the instant case and hence, *475 not controlling. The defendant in Harris, charged with murder amongst other crimes, gave an oral and written confession in which he confessed to commission of the charged crimes. On direct examination, the prosecutor asked the interrogating officer to describe the defendant’s demeanor during the interrogation which had elicited the confession; the officer responded the defendant was “totally calm” and “nothing seemed to bother him.” Id. at 790. Th'e defendant did not testify and his counsel’s trial strategy consisted of attempting to convince the jury the confession should not be believed because it had been involuntary. Id. at 792. In response, in closing argument the prosecutor stated, “I submit to you this was a voluntary statement taken after a considerable period of time in which he sat there and remained the same immobile, unemotional self as he has this entire trial.” Id. at 794. The court held this comment did not refer to the defendant’s failure to testify at trial, but rather addressed the critical issue of whether the defendant’s confession had been voluntary, and in doing so, was commenting on his demeanor at the time the confession was made. Id. (emphasis added) In doing so, the prosecutor was [merely] describing to the jury the defendant’s demeanor during his interrogation by comparing it to his demeanor as he appeared before them at trial. Id. at 795.
We find the comment in the instant ease is of an entirely different order. Unlike Harris, the prosecutor was referring to what Jones’s knew as he was “sitting there,” i.e., at trial, and not how he may have acted, or what he may have said, at another time. Cf. State v. Dix, 723 So.2d 351 (Fla. 5th DCA 1998)(prosecutor’s comment regarding defendant’s prior admission he had a “beef’ with victim was offered to refute self-defense asserted by defense counsel in opening statement and did not impermissibly refer to absence of testimony by the defendant at trial). We decline to adopt the dissent’s position, that the instant comment was a permissible comment made while arguing the state had met its burden of proof. Phrasing an otherwise impermissible comment as an attempt by the state to argue it has met its burden of proof does not vitiate that comment of its impermissible nature. In short; the state may not argue it has met its burden of proof by referring to the fact the defendant, “sitting there,” knows he is guilty, yet has chosen not to testify. We find the complained-of comment certainly was “fairly susceptible” of being interpreted by the jury as a comment on Jones’s exercise of his right to remain silent, and where the state’s case rested almost entirely on the testimony of a minor, reversal is required.
While we would have affirmed on the other issues raised in this appeal, our reversal on this one point moots our need for any further discussion.
REVERSED and REMANDED for a new trial.
POLEN, C.J., and HAZOURI, JJ., concur.
MAY, J., dissents with opinion.