867 So.2d 398 (2004)
STATE of Florida, Petitioner,
v.
Allister JONES, Respondent.
No. SC02-1921.
Supreme Court of Florida.
February 26, 2004.
Charles J. Crist, Jr., Attorney General, Celia Terenzio, Bureau Chief, West Palm Beach, and Karen Finkle, Assistant Attorney General, West Palm Beach, FL, for Petitioner.
Carey Haughwout, Public Defender, and Susan D. Cline, Assistant Public Defender, Fifteenth Judicial Circuit, West Palm Beach, FL, for Respondent.
*399 PER CURIAM.
We have for review Jones v. State, 821 So.2d 473 (Fla. 4th DCA 2002), which expressly and directly conflicts with the decision in Harris v. State, 438 So.2d 787 (Fla.1983). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. For the reasons set forth herein, we quash the decision of the Fourth District Court of Appeal.

FACTUAL BACKGROUND
Allister Jones was charged with the lewd assault upon and the false imprisonment of a child under the age of thirteen. At trial, the prosecutor remarked during closing argument:
The State of Florida has proven this case beyond a reasonable doubt and I ask you to go back in that jury room, apply your common sense to the true facts of this case and come back and tell the defendant what he knows sitting there today, that he is guilty of indecent assault.
Jones, 821 So.2d at 474 (emphasis added). Jones objected to the prosecutor's remark "what [the defendant] knows" as being an improper comment on the defendant. Id. The prosecutor argued that he was not commenting on Jones's right to remain silent. The trial court overruled Jones's objection. Id. The jury found Jones guilty as charged and he was sentenced to fifteen years' imprisonment as to count I and 7.7 years' imprisonment as to count II, which was to run concurrent with count I.
The Fourth District Court of Appeal reversed and remanded for a new trial, finding that the prosecutor's remarks impermissibly commented on Jones's right to remain silent. Id. The court concluded that by referring to Jones as "sitting there," and instructing the jury to "tell [Jones] what he already knows," the prosecutor suggested that Jones did not testify because he knew he was guilty. Id. In reaching its decision, the court concluded that the remarks made in this case were distinguishable from those made in Harris v. State, 438 So.2d 787 (Fla.1983), and thus, Harris was not controlling authority. 821 So.2d at 475. The State contends that the Fourth District erroneously distinguished Harris and that Harris is controlling authority in this case.

ANALYSIS
In Jones, the Fourth District stated that the prosecutor's comment in Harris was distinguishable from the prosecutor's remark made in this case because it focused on the defendant's demeanor at the time of his confession, and not his demeanor during the trial. Jones, 821 So.2d at 474-75. However, we disagree with the Fourth District's interpretation of Harris.
In Harris, the defendant was charged with first-degree murder, burglary with an assault, and robbery. During the trial, the investigating officers testified that Harris was calm during his interrogation and consistently denied his involvement in the murder until several hours later, when he gave an oral statement and signed a written confession. 438 So.2d at 790. During closing argument, the prosecutor made the following statement: "I submit to you this was a voluntary statement taken after a considerable period of time in which [Harris] sat there and remained the same immobile, unemotional self as he has this entire trial." Id. at 794. Harris argued that this statement constituted an improper comment on his right to remain silent at trial. However, after a full reading of the prosecutor's entire closing argument, we determined that the prosecutor was merely demonstrating to the jury that Harris's confession was voluntary by comparing Harris's demeanor during his interrogation to his demeanor at trial. Id. at 795.
*400 There are several cases like Harris where this Court has evaluated the prosecutor's actions in context rather than focusing on the challenged statement in isolation. See, e.g., Caballero v. State, 851 So.2d 655, 660 (Fla.2003) (finding that the prosecutor's statement during closing argument emphasizing uncontradicted evidence of the defendant's actions was for the purpose of rebutting a defense argument and not to impermissibly direct attention to the defendant's decision to not testify); Chandler v. State, 848 So.2d 1031, 1043-44 (Fla.2003) (finding that prosecutor's closing remark telling the jury to "think about all the things [the defendant] wouldn't talk about and didn't say" was not an improper comment on the defendant's Fifth Amendment rights); Jordan v. State, 334 So.2d 589, 592-93 (Fla.1976) (finding that prosecutor's closing remark that "[the defendant] does not have the courage to stand before the Bench and take that first step toward rehabilitation and say, okay, I am sorry" was not improper); State v. Jones, 204 So.2d 515, 517 (Fla.1967) (finding that prosecutor's statement "[t]hese are the acts and conduct of the defendant," when read in full context of the closing argument, did not refer to the defendant's decision to not testify); see also Bauta v. State, 698 So.2d 860, 864 (Fla. 3d DCA 1997) (finding that although the challenged closing statement was improper when taken in isolation, the statement was permissible when read in context). Thus, when determining whether a statement impermissibly comments on the defendant's right to remain silent during trial, the court should examine the statement in the context in which it was made.
In this case, the Fourth District improperly isolated the phrase "sitting there," instead of viewing it in the context in which it was made. When the phrase is read in the context of the entire argument, it is clear that the statement amounts to nothing more than a point of reference. Thus, we believe the prosecutor was simply referring to Jones's physical position in the courtroom and did not improperly comment on his right to remain silent at trial.
Our conclusion is especially true when the challenged statement is compared to cases involving closing remarks that were found to have improperly commented on the defendant's right to remain silent. See, e.g., Miller v. State, 847 So.2d 1093, 1094-95 (Fla. 4th DCA 2003) (finding that prosecutor's closing statement that the defendant has the right to remain silent and that "[h]e did not take the stand in this case" impermissibly highlighted the defendant's decision to not testify); Layton v. State, 435 So.2d 883, 883-84 (Fla. 3d DCA 1983) (finding that prosecutor's closing remark that the defendants "have been sitting here ... listen[ing] to how each witness testified" was an impermissible comment on one defendant's decision to not testify); Fernandez v. State, 427 So.2d 265, 265-66 (Fla. 2d DCA 1983) (finding that prosecutor's closing statement "I would suggest to you during this entire trial the defense has rested. I haven't heard a defense yet" clearly commented on the defendant's failure to testify); Hall v. State, 364 So.2d 866, 867 (Fla. 1st DCA 1978) (finding that prosecutor's closing remark that the defense had to use a particular defense tactic "because [the defendant] is sitting over here quietly" referred to the defendant's silence during cross-examination testimony rather than during the closing argument and was thus impermissible). Notably, unlike Layton, Fernandez, and Hall, the closing remark in this case does not seem to indicate that the respondent was "sitting there" during the entire trial.
*401 Therefore, we quash the Fourth District's decision and remand for further proceedings consistent with this opinion.
It is so ordered.
WELLS, LEWIS, QUINCE, and BELL, JJ., concur.
WELLS, J., concurs with an opinion, in which LEWIS and BELL, JJ., concur.
ANSTEAD, C.J., dissents with an opinion, in which CANTERO, J., concurs.
PARIENTE, J., recused.
WELLS, J., concurring.
I concur in this decision. For the reasons stated in Judge May's dissent, I find that the district court's decision in this case does conflict with this Court's decision in Harris v. State, 438 So.2d 787 (Fla. 1983). As Judge May stated:
The Florida Supreme Court considered a statement very similar to the one made in this case in Harris v. State, 438 So.2d 787 (Fla.1983). In Harris, the prosecutor made the following statement:
I submit to you this was a voluntary statement taken after a considerable period of time in which he sat there and remained the same immobile, unemotional self as he has this entire trial.
Taken in the context of the entire closing argument, the court found the statement to be a fair comment on the defendant's demeanor during a confession, and not an impermissible comment on the exercise of the defendant's right to remain silent. See also State v. Dix, 723 So.2d 351 (Fla. 5th DCA 1998) (prosecutor's statement regarding defendant's admission did not constitute comment on his exercise of the right to remain silent); Dorman v. State, 638 So.2d 589 (Fla. 3d DCA 1994) (prosecutor's statement on the lack of testimony to support defendant's claim of self-defense was not a comment on the defendant's exercise of his right to remain silent); Minnis v. State, 505 So.2d 17 (Fla. 3d DCA 1987) (prosecutor's comment on defendant's oral statement to arresting officer was not a comment on the defendant's exercise of his right to remain silent).
The majority suggests that the statement in Harris is different than the comment in this case because it focused on the defendant's demeanor at the time of the confession. However, in making that comment, the prosecutor compared the defendant's demeanor at the time of the confession to his demeanor during the trial. "[H]e sat there and remained the same immobile, unemotional self as he has this entire trial." I continue to believe that the majority's distinction is one without a difference.
Like Harris, viewing the statement in the context in which it was made, the prosecutor's statement was not "fairly susceptible of being interpreted by the jury as a comment on the defendant's exercise of his right to remain silent." [Jackson v. State, 522 So.2d 802, 807 (Fla.1988).] The trial court properly overruled the objection, and I would affirm the defendant's conviction.
Jones v. State, 821 So.2d 473 (Fla. 4th DCA 2002) (May, J., dissenting).
LEWIS and BELL, JJ., concur.
ANSTEAD, C.J., dissenting.
I would discharge jurisdiction in this case as having been improvidently granted. The asserted basis for jurisdiction is that the Fourth District court improperly distinguished this Court's holding in Harris v. State, 438 So.2d 787 (Fla.1983). However, upon review of the two cases, it is apparent that they are factually distinguishable because the statements at issue *402 in this case and Harris were made under completely different circumstances.
When making a comparison with previous decisions on the issue of whether the State impermissibly highlighted the defendant's right to not testify, this Court has noted the importance of analyzing the prosecutor's argument in the light of the circumstances in each case. State v. Jones, 204 So.2d 515, 517 (Fla.1967). In Harris, the prosecutor referred to the defendant's demeanor at trial for the purpose of illustrating his demeanor during his interrogation. 438 So.2d at 794-95. However, in this case, the prosecutor did not refer to Jones's demeanor at trial but instead referred to what Jones knew as he was "sitting there" at trial, i.e., "that he is guilty of indecent assault." Jones v. State, 821 So.2d at 475. Because the prosecutor's objective in making the statement was different in each of these cases, I conclude the Fourth District properly distinguished Harris.
Moreover, because these cases are highly factually specific, I believe we will add little to the law in providing another layer of review. The majority opinion is not announcing a broad rule of law, but instead has us serving as a second appellate court, which is not the function of this Court. Since the intent of article V of the Florida Constitution is that the district courts are ordinarily the first and final courts of appeal, I believe this Court should not review and second-guess the Fourth District's decision.
CANTERO, J., concurs.