371 So.2d 126 (1978)
Peter Mason WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. JJ-2.
District Court of Appeal of Florida, First District.
December 22, 1978.
Stephen Lindsey Gorman and Sidney L. Matthew, Daniel S. Dearing, Tallahassee, for appellant.
Robert L. Shevin, Atty. Gen., Raymond L. Marky, Asst. Atty. Gen., for appellee.
MILLS, Judge.

Case Summary
This is an appeal from a judgment and sentence adjudicating Wilson guilty of a lewd act on a child under fourteen years of age and solicitation for a lewd act on a child under fourteen, and sentencing Wilson to five years on each count to run concurrently.

Facts
The State produced witnesses who testified that Wilson took movies of them performing various sexual acts. Wilson did not testify.
*127 During closing argument the state attorney made comments which were objected to by defense counsel. The first statement to which an objection was made is as follows:
"I don't want you to convict an innocent man. And you're not called on to do that. I can look each of you right straight, square in the eye, and never bat my eye, and tell you that I believe with all my heart, mind and soul, this defendant to be guilty of these offenses. I'm not asking you to convict an innocent man. I'm not asking you to do that."
Later in the argument the state attorney said:
"He says I'll try to sweep under the rug that we don't have any film. Ladies and Gentlemen, we never charged Dr. Peter Wilson, the educator ... with being dumb, stupid, slow, unintelligent. Ladies and Gentlemen, we don't have the film. We do not have the film. If we had them, I would have showed them to you. Dr. Wilson maybe could shed some light on it."

Issue
Whether the comments made by the prosecuting attorney during closing argument require reversal of this case?
Wilson contends that the comments constituted reversible error because: (1) the first was an expression of the prosecutor's personal opinion on the justness of the cause; (2) the second was comment on Wilson's right to remain silent.
The State contends that the comments did not constitute reversible error because: (1) the first comment was fair response to defense counsel's argument, was legitimate comment on the evidence, and did not contain any implication that the opinion was based on information other than that presented in open court; (2) the second comment was in response to defense counsel's closing argument and, if error, was harmless.

Decision
Rule 3.250, Florida Rules of Criminal Procedure, formerly Section 918.09, Florida Statutes, reads in part:
"... no accused person shall be compelled to give testimony against himself, nor shall any prosecuting attorney be permitted before the jury or court to comment on the failure of the accused to testify in his own behalf... ."
In Trafficante v. State, 92 So.2d 811 (Fla. 1957), the Supreme Court discussed Section 918.09, stating:
"... our law prohibits any comment to be made, directly or indirectly, upon the failure of the defendant to testify. This is true without regard to the character of the comment, or the motive or intent with which it is made, if such comment is subject to an interpretation which would bring it within the statutory prohibition and regardless of its susceptibility to a different construction."
We think that the prosecuting attorney's comment, "Dr. Wilson maybe could shed some light on it," was an indirect comment on the defendant's failure to testify and requires reversal of this case.
The State argues that the comment was "invited" because defense counsel mentioned in his closing argument that the film allegedly taken by Wilson had not been produced. Comment by defense counsel on the State's failure to produce certain evidence does not "invite" the prosecuting attorney to suggest to the jury that the defendant could "shed some light on it". Adjmi v. State, 139 So.2d 179 (Fla.3d DCA 1962); Testasecca v. State, 115 So.2d 584 (Fla.2d DCA 1959), and Waid v. State, 58 So.2d 146 (Fla. 1952), cited by the State to support its position, are not on point. In Testasecca and Waid, defense counsel in their closing arguments specifically mentioned the fact that the defendants had not taken the stand. In Testasecca, after defense counsel pointed out that the defendant was under no duty to take the stand and that his not taking the stand did not indicate that he was guilty, the prosecution replied that it did not indicate that he was innocent either. In Waid, defense counsel remarked upon the lack of testimony by the defendant and the reason for it; the State merely responded. In Adjmi, the court determined *128 that the comment complained of was not a comment upon the failure of the defendants to testify.
Here, defense counsel mentioned that the prosecution did not produce the films allegedly shot by Wilson. The State could certainly respond to the argument, if it wished to, without suggesting that Wilson could explain the absence of the films. The prosecutor's comment was not invited and was an indirect comment on Wilson's failure to testify. The trial court erred by not granting the defendant's motion for mistrial. The fact that the Standard Jury Instruction on the defendant's not testifying had been requested by the defense prior to closing argument and the fact that it was given, does not justify the trial court's refusal to grant a mistrial.
We also think that the prosecutor's remark concerning his personal belief in the defendant's guilt was improper. Disciplinary Rule DR7-106(C)(4) of the Code of Professional Responsibility states:
"(C) In appearing in his professional capacity before a tribunal, a lawyer shall not:
.....
"(4) Assert his personal opinion as to the justness of the cause, as to the credibility of a witness, as to the culpability of a civil litigant, or as to the guilt or innocence of an accused; but he may argue, on his analysis of the evidence for any position or conclusion with respect to the matters stated herein."
The prosecutor's statement that he believed in the defendant's guilt with all his "heart, mind and soul," goes beyond a conclusion based on an analysis of the evidence. In Cochran v. State, 280 So.2d 42 (Fla.1st DCA 1973), this court stated:
"It is the duty of a prosecuting attorney in a trial to refrain from making improper remarks or committing acts which would or might tend to affect the fairness and impartiality to which the accused is entitled. His duty is not to obtain convictions but to seek justice, and he must exercise that responsibility with the circumspection and dignity the occasion calls for."

Judgment
This case is reversed and is remanded for a new trial.
BOYER, Acting C.J., and ERVIN, J., concur.