PER CURIAM.
The defendant William Samosky appeals his convictions for manslaughter, armed robbery and kidnapping and contends that the trial court committed reversible error in denying his timely motion for mistrial based on an impermissible comment by the prosecuting attorney during closing argument to the jury. It is urged that the prosecuting attorney indirectly commented on the defendant’s failure to testify in the ease as follows:
“So normally at this point, I’d say, ‘Well, what about the defense in this case?’ I don’t know what the defense is_” (R. 234-35)
We entirely agree that the above comment was an indirect comment on the defendant’s failure to testify and present a defense, that the trial court erred in denying the defendant’s timely motion for mistrial based on this comment, and that a reversal of the convictions herein is required under the established law of this state. Shepherd v. State, 436 So.2d 232 (Fla. 3d DCA 1983); Fernandez v. State, 427 So.2d 265 (Fla. 2d DCA 1983); Young v. State, 280 So.2d 13 (Fla. 2d DCA 1973). We specifically reject the state's contention that we consider this comment a harmless error because the law of Florida is well-settled that “such a comment requires the reversal of a conviction and that the harmless error rule does not apply,” Harris v. State, 438 So.2d 787 (Fla.1983), that “[a]ny comment on an accused’s exercise of his right to remain silent is reversible error, without regard for the harmless error doctrine,” Donovan v. State, 417 So.2d 674, 675 (Fla.1982), and that “[a]ny comment which is ‘fairly susceptible’ of being interpreted by the jury as referring to a criminal defendant’s failure to testify constitutes reversible error, without resort to the harmless error doctrine.” David v. State, 369 So.2d 943, 944 (Fla.1979). See also Shannon v. State, 335 So.2d 5 (Fla.1976); Bennett v. State, 316 So.2d 41 (Fla.1975); Trafficante v. State, 92 So.2d 811 (Fla. 1957), for the same holding.
The judgments of conviction and sentences under review are reversed and the cause is remanded to the trial court for a new trial.