SHARP, Judge.
Brock appeals from judgments adjudicating him guilty of burglary of a dwelling[1] and four counts of grand theft.[2] We reverse and remand this case for a new trial because the prosecutor improperly commented upon Brock’s right to remain silent.[3]
Brock chose not to testify at his jury trial. During closing argument, the prosecutor told the jury that: “Today is the day he has to stand up and, ‘fess to what happened and pay for what he did.” Defense counsel immediately objected and moved for a mistrial. We believe that this comment was fairly susceptible of being interpreted by the jury as referring to Brock’s failure to testify. Layton v. State, 435 So.2d 883 (Fla. 3d DCA 1983).
*1171 Such a comment mandates the reversal of any criminal conviction because the harmless error rule does not apply. Harris v. State, 438 So.2d 787 (Fla.1983). Therefore, despite the fact that overwhelming evidence was adduced at trial against Brock, we have no choice but to reverse his convictions and remand this case for a new trial. However, we affirm the trial court’s determination that Brock’s confessions were voluntary, and find that they were properly entered into evidence.
REVERSED AND REMANDED.
ORFINGER, C.J., and COBB, J., concur.

. § 810.02(3), Fla.Stat. (1981).

. § 812.014(1), Fla.Stat. (1981).

.Harris v. State, 438 So.2d 787 (Fla.1983); U.S. Const. amend. V.