473 So.2d 688 (1984)
Jay French MARSHALL, Appellant,
v.
STATE of Florida, Appellee.
No. 83-709.
District Court of Appeal of Florida, Fourth District.
December 28, 1984.
Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Max Rudmann, Asst. Atty. Gen., West Palm Beach, for appellee.
HURLEY, Judge.
Marshall appeals from judgments adjudicating him guilty of burglary,[1] kidnapping,[2] and sexual battery.[3] We reverse and remand for a new trial because the prosecutor *689 improperly commented upon the defendant's right to remain silent.[4]
Two people witnessed the acts in question, the victim who testified and the defendant who elected not to testify. During closing argument, the prosecutor told the jury, "Ladies and gentlemen, the only person you heard from in this courtroom with regard to the events of November 9, 1981, [the date of the alleged crimes] was Brenda Scavone [the victim]." Defense counsel objected immediately and moved for a mistrial; it was denied. Thereupon, the prosecutor continued, "As I was saying before I was interrupted, the only person who testified... ." Again, defense counsel objected, but was overruled. Not to be deterred, the prosecutor stated, "If I am ever going to be permitted to finish this thought, ladies and gentlemen. The only person who saw, who was there, who testified to us as to what occurred on November 9, 1981, which is all that you can legally consider in this case... ." At this point, defense counsel objected for a third time. The objection was overruled and counsel was instructed not to repeat it again.
It is a well-established rule that comments on the accused's failure to testify violate the fifth amendment privilege against self-incrimination, Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), and that such a comment requires a reversal of the conviction without regard to the harmless error rule. Harris v. State, 438 So.2d 787 (Fla. 1983); David v. State, 369 So.2d 943 (Fla. 1979); Trafficante v. State, 92 So.2d 811 (Fla. 1957). See also Fla.R.Crim.P. 3.250. Specifically, any comment which is "fairly susceptible" of being interpreted by the jury as referring to a criminal defendant's failure to testify constitutes reversible error without resort to the harmless error doctrine. David v. State, supra; Trafficante v. State, supra; Snowden v. State, 449 So.2d 332 (Fla. 5th DCA 1984); Samosky v. State, 448 So.2d 509 (Fla. 3d DCA 1983); Brock v. State, 446 So.2d 1170 (Fla. 5th DCA 1984); Brazil v. State, 429 So.2d 1339 (Fla. 4th DCA 1983); Wilson v. State, 371 So.2d 126 (Fla. 1st DCA 1978).
Since only two people witnessed the events in question, and one of those chose not to testify, we cannot accept the state's argument that the prosecutor's remarks amounted to nothing more than a comment on "the evidence as it existed before the jury." Cases like this fall under the rubric announced in United States v. Bubar, 567 F.2d 192 (2d Cir.1977), cert. denied, 434 U.S. 872, 98 S.Ct. 217, 54 L.Ed.2d 151 (1977): "A constitutional violation occurs ... if either the defendant alone has the information to contradict the government evidence referred to or the jury `naturally and necessarily' would interpret the summation as a comment on the failure of the accused to testify." 567 F.2d at 199. See also United States v. Riola, 694 F.2d 670 (11th Cir.1983); State v. Bolton, 383 So.2d 924 (Fla. 2d DCA 1980).
Here, the prosecutor's comments impermissibly highlighted the defendant's decision not to testify. Since, under existing Florida law, the harmless error rule does not apply, we must reverse despite overwhelming evidence of guilt. At the same time, we note the United States Supreme Court's decision in United States v. Hasting, 461 U.S. 499, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983), which permitted application of the harmless error rule in an analogous case. We therefore certify the following question as one of great public importance:
May the harmless error doctrine be applied to cases in which a prosecutor has violated a defendant's Fifth Amendment rights under Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106?[5]
The cause is reversed and remanded for new trial.
ANSTEAD, C.J., and WALDEN, J., concur.
NOTES
[1] § 810.02(2), Fla. Stat. (1983).
[2] § 787.01, Fla. Stat. (1983).
[3] § 794.011(3), Fla. Stat. (1983).
[4] U.S. Const. Amend. V.
[5] A similar question has been certified to the Florida Supreme Court in Rowell v. State, 450 So.2d 1226 (Fla. 5th DCA 1984).