476 So.2d 150 (1985)
STATE of Florida, Petitioner,
v.
Jay French MARSHALL, Respondent.
No. 66374.
Supreme Court of Florida.
August 30, 1985.
Rehearing Denied October 18, 1985.
*151 Jim Smith, Atty. Gen. and Carolyn V. McCann, Asst. Atty. Gen., West Palm Beach, for petitioner.
Richard L. Jorandby, Public Defender and Tatjana Ostapoff, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for respondent.
McDONALD, Justice.
The following question has been certified as being of great public importance:
May the harmless error doctrine be applied to cases in which a prosecutor has violated a defendant's Fifth Amendment rights under Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106?
Marshall v. State, 473 So.2d 688, 689 (Fla. 4th DCA 1984) (footnote omitted). We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution, and answer the question in the affirmative.
A jury convicted Marshall of burglary, kidnapping, and sexual battery, and the trial court sentenced him to three concurrent ninety-nine-year terms of imprisonment. During argument to the jury, the following occurred.
[Mr. Slater, prosecutor]: Judge Coker is going to instruct you on how you should balance, because you have heard a lot of testimony and you have to consider yourselves, how do I balance the weight of the evidence that I have heard? And these are some of the criteria that you can use. You should consider how the witnesses acted as well as what they said. Some of the things you should consider are: Did the witness seem to have an opportunity to see and know the things about which the witness testified?
Ladies and gentlemen, the only person you heard from in this courtroom with regard to the events on November 9, 1981, was Brenda Scavone.
Mr. Julian [defense]: Objection. Approach the bench.
(Thereupon, the following proceedings were had at the bench, between Court and counsel, out of the hearing of the jury:)
Mr. Julian: I move for a mistrial on the basis that Mr. Slater just indicated that the defendant did not testify. And I am moving for a mistrial.
The Court: Well that is your interpretation as to what he said. I think it can be interpreted differently, and I deny your motion.
Mr. Slater: For the record, I am merely relating to the witnesses who testified in the trial.
(Thereupon, the following proceedings were resumed within the hearing of the jury:)
Mr. Slater: As I was saying before I was interrupted, the only person who testified 
Mr. Julian: Objection.
The Court: Proceed.
Mr. Slater: If I am ever going to be permitted to finish this thought, ladies and gentlemen. The only person who saw, who was there, who testified to us as to what occurred on November 9, *152 1981, which is all that you can legally consider in this case 
Mr. Julian: Objection, and move to approach the bench.
The Court: Denied.
On appeal the district court found that the prosecutor impermissibly highlighted Marshall's failure to testify and reversed Marshall's conviction. Noting United States v. Hasting, 461 U.S. 499, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983), however, the court certified the above-stated question.
In Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), the Court held that the fifth amendment's guarantee against self-incrimination invalidated a California constitutional provision which permitted a prosecutor to comment on a defendant's failure to testify. This Court had reached a similar conclusion earlier. In both Way v. State, 67 So.2d 321 (Fla. 1953), and Trafficante v. State, 92 So.2d 811 (Fla. 1957), for instance, this Court found that violations of section 918.09, Florida Statutes (1951) (now contained in Florida Rule of Criminal Procedure 3.250), which prohibited a prosecutor from commenting on a defendant's failure to testify, created reversible error regardless of the harmless error statute.
Two years after Griffin, the United States Supreme Court decided Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). In Chapman, another case concerning the defendants' failure to testify, the Court stated:
All 50 States have harmless-error statutes or rules,... [which] serve a very useful purpose insofar as they block setting aside convictions for small errors or defects that have little, if any, likelihood of having changed the result of the trial. We conclude that there may be some constitutional errors which in the setting of a particular case are so unimportant and insignificant that they may, consistent with the Federal Constitution, be deemed harmless, not requiring the automatic reversal of the conviction.
Id. at 22, 87 S.Ct. at 827. The courts of this state, however, have persisted in applying a per se reversal rule to comments on a defendant's failure to testify, in spite of Florida's harmless error statute. E.g., David v. State, 369 So.2d 943 (Fla. 1979).
The United States Supreme Court recently revisited this area in United States v. Hasting. In Hasting the Court stated: "Since Chapman, the Court has consistently made clear that it is the duty of a reviewing court to consider the trial record as a whole and to ignore errors that are harmless, including most constitutional violations." 461 U.S. at 509, 103 S.Ct. at 1980 (emphasis supplied). The Court emphasized that appellate courts can and should conserve judicial resources by applying harmless error rules and echoed the Chapman concern that per se rules of reversal allow courts to retreat from their responsibilities. The Court phrased the question for reviewing courts as "absent the prosecutor's allusion to the failure of the defense to proffer evidence to rebut the testimony of the victims, is it clear beyond a reasonable doubt that the jury would have returned a verdict of guilty?" 461 U.S. at 510-11, 103 S.Ct. at 1981-82. In other words, was the error harmless?
This Court recently agreed with the Hasting analysis and adopted the Chapman harmless error rule in State v. Murray, 443 So.2d 955 (Fla. 1984). Murray concerned prosecutorial misconduct during closing argument, and we stated that "prosecutorial error alone does not warrant automatic reversal of a conviction unless the errors involved are so basic to a fair trial that they can never be treated as harmless." Id. at 956. We concluded that the "supervisory power of the appellate court is inappropriate when the error is harmless." Id.
Our adoption of the harmless error rule in Murray has spawned numerous cases. E.g., State v. Rowell, 476 So.2d 149 (Fla. 1985) and State v. DiGuilio (Fla. 1985) no. 65,490, as well as the instant case. These cases concern extending the harmless error rule from Murray's prosecutorial misconduct to comments on a defendant's silence or failure to testify. The state argues that *153 the harmless error rule should be applied across the board; the other side argues that per se reversal rules should be maintained.
Although in past cases we have adopted the per se reversal rule, there is no longer much need or reason to retain it. First, comments on silence are no longer considered to be fundamental error. Clark v. State, 363 So.2d 331 (Fla. 1978). See also Chapman. Second, the United States Supreme Court has held that the harmless error rule is consistent with the federal constitution. Hasting; Chapman. Third, the harmless error rule is a preferred method of promoting the administration of justice. It makes no sense to order a new trial, because of a nonfundamental error committed at trial, when we know beyond a reasonable doubt that the defendant will be convicted again. Our trial courts are already excessively burdened. An additional and unnecessary trial in such an instance might affect the rights of others to a fair and expeditious trial. Finally, we should consider legislative intent. Section 924.33, Florida Statutes (1983), adopts the harmless error rule for appeals of criminal convictions:
No judgment shall be reversed unless the appellate court is of the opinion, after an examination of all the appeal papers, that error was committed that injuriously affected the substantial rights of the appellant. It shall not be presumed that error injuriously affected the substantial rights of the appellant.
Although section 924.33 uses the language "injuriously affected the substantial rights of the appellant," the proper standard for review of comments on silence or failure to testify is the beyond a reasonable doubt test of Hasting and Chapman. Moreover, as Murray points out, "prosecutorial misconduct or indifference to judicial admonitions is the proper subject of bar disciplinary action." 443 So.2d at 956. See also Bertolotti v. State, 476 So.2d 130, 133 (Fla. 1985) ("it is appropriate that individual professional misconduct not be punished at the citizens' expense, by reversal and mistrial, but at the attorney's expense, by professional sanction.").
Here, as it did before the district court, the state argues that the prosecutor's remarks constituted only a comment on the evidence before the jury. We agree with the district court's conclusion regarding this. The district court stated: "Here, the prosecutor's comments impermissibly highlighted the defendant's decision not to testify. Since, under existing law, the harmless error rule does not apply, we must reverse despite overwhelming evidence of guilt." Marshall, at 689. We now adopt the harmless error rule. Any comment on, or which is fairly susceptible of being interpreted as referring to, a defendant's failure to testify is error and is strongly discouraged. Such a comment, however, should be evaluated according to the harmless error rule, with the state having the burden of showing the comment to have been harmless beyond a reasonable doubt. Only if the state fails to carry this burden should an appellate court reverse an otherwise valid conviction.
We therefore answer the certified question in the affirmative, quash the district court's opinion, and remand for reconsideration in light of this opinion.
It is so ordered.
BOYD, C.J., and ALDERMAN and SHAW, JJ., concur.
EHRLICH, J., dissents with an opinion.
ADKINS and OVERTON, JJ., dissent.
EHRLICH, Justice, dissenting.
I dissent for the reasons expressed in my partial dissent in State v. Kinchen (Fla. 1985) No. 64,043 (Fla. Aug. 30, 1985).