771 So.2d 603 (2000)
Dale BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-3728.
District Court of Appeal of Florida, Fourth District.
November 22, 2000.
*604 Richard L. Jorandby, Public Defender, and Joseph R. Chloupek, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and August A. Bonavita, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
Dale Brown timely appeals after a jury convicted him of first degree murder. He argues that the prosecutor deprived him of a fair trial by improperly commenting on his failure to testify during closing argument. We hold that such error, under the facts of this case, was invited and, thus, affirm.
Brown was indicted for first degree murder in the shooting death of his girlfriend, Jena Widder. Widder was shot in the middle of her right eyebrow from a distance of two to six inches. She was found in the morning lying dead on a bed that she shared with Brown the night before. The only question at trial was whether her death was a suicide or a homicide committed by Brown.
The gun that caused Widder's death was found in a case by her legs. No fingerprints, however, were found on the weapon. The crime scene investigative unit did not test Widder's or Brown's hands for gunshot residue because it appeared the window for performing such a test had expired.
Defense counsel argued throughout the trial that Widder's death was a suicide; however, expert testimony supported the theory of homicide. In this regard, the medical examiner testified that he determined Widder's death was a homicide after eight days of study. The state's forensic expert then testified that, based on his examination of the blood splatter patterns, it was impossible that Widder used both hands to fire the gun. He also opined that she did not fire the gun from either hand.
The defense did not present any testimony. During the subsequent closing arguments, defense counsel objected to the following remarks made by the prosecutor:
Was a crime committed? Or has it been argued to you, that [Widder's] death was a suicide. That's a nice argument, but [there was] no evidence to support that in any way, shape or form that you heard in this case. Nobody, nobody testified that [Widder's] death was a suicide.
Defense counsel argued that these comments referenced Brown's failure to testify, but the trial court found otherwise and, therefore, overruled the objection. Following closing arguments, the jury found Brown guilty as charged. This timely appeal followed.
A defendant has the constitutional right to decline to testify against himself in a criminal proceeding. See U.S. Const. amend. V; art. I, § 9, Fla. Const. "Therefore, `any comment on, or which is fairly susceptible of being interpreted *605 as referring to, a defendant's failure to testify is error and is strongly discouraged.'" Rodriguez v. State, 753 So.2d 29, 37 (Fla.2000)(quoting State v. Marshall, 476 So.2d 150, 153 (Fla.1985), petition for cert. filed, No. 99-10079 (June 20, 2000)). Because the "fairly susceptible" test is liberally applied, a comment on the failure to contradict the evidence becomes an impermissible comment on the defendant's failure to testify where the evidence is uncontradicted on a point that only the defendant can contradict. Id. at 38.
In Rodriguez, the defendant appealed his convictions of armed burglary and three counts of first-degree murder. At trial, the co-defendant, the only other witness to the criminal episode besides the defendant, testified that he and the defendant robbed and murdered the victims. The prosecutor then made the following comments during closing argument:
somebody obviously was in that apartment with [the co-defendant]. And we still haven't heard in any of the arguments, in any of the discussions, what the theory is of who that second person could have been.... And there was nothing in the direct or cross examination of any witness who testified that pointed to any other person being involved other than [the co-defendant] and this defendant. There were no two sides.
The supreme court held that these comments impermissibly commented on the defendant's failure to testify. Rodriguez, 753 So.2d at 39. In reaching this determination, it relied upon our decision in Marshall v. State, 473 So.2d 688 (Fla. 4th DCA 1984), quashed on other grounds, State v. Marshall, 476 So.2d 150 (Fla.1985), where we held that the prosecutor impermissibly highlighted the defendant's decision not to testify by stating in closing argument that "the only person you heard from in this courtroom with regard to the events on [the date of the alleged crimes] was [the victim]." Marshall, 473 So.2d at 689. We explained, "[s]ince only two people witnessed the events in question, and one of those chose not to testify, we cannot accept the state's argument that the prosecutor's remarks amounted to nothing more than a comment on `the evidence as it existed before the jury.'" Id.
Like Rodriguez and Marshall, we hold that the prosecutor's remarks during closing argument in this case touched upon Brown's failure to testify. The record shows that the uncontradicted testimony from the state's two experts, the medical examiner and forensic expert, established the state's theory of homicide. The only person who could have contradicted this theory was Brown, the sole witness to Widder's death. Because Brown was only witness who could have rebutted the uncontradicted expert testimony, we conclude that the prosecutor's comments were susceptible to interpretation as comments on Brown's failure to testify. See Jackson v. State, 707 So.2d 412 (Fla. 5th DCA 1998)(holding the prosecutor improperly commented on the defendant's failure to testify by stating there was no explanation and no other evidence that the defendant was anywhere else but at the scene of the crimes).
Nevertheless, we hold that, unlike Rodriguez, Marshall, and Jackson, the prosecutor's comments here were permissible as an invited response. A narrow exception to the rule forbidding a comment on a defendant's failure to testify applies where the prosecution's statement is invited by the defense. Rodriguez, 753 So.2d at 39. In this case, the record shows that defense counsel argued throughout the entire trial that Widder's death was a suicide. Specifically, he commented in opening argument that the evidence would show that she committed suicide, and also commented during both opening and closing arguments that the evidence would show that the medical examiner could not definitively determine whether her death was a homicide or suicide. In light of those arguments *606 by the defense, we conclude the prosecutor was justified in commenting on the lack of evidence of suicide. See Dufour v. State, 495 So.2d 154 (Fla.1986); Austin v. State, 700 So.2d 1233 (Fla. 4th DCA 1997).
AFFIRMED.
GUNTHER and STONE, JJ., concur.