839 So.2d 821 (2003)
Derrick L. DURRANT, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-2885.
District Court of Appeal of Florida, Fourth District.
March 5, 2003.
*822 Carey Haughwout, Public Defender, Margaret Good-Earnest and Michael Antinori, Assistant Public Defenders, West Palm Beach, for appellant.
Charlie Crist, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
Appellant appeals his conviction for burglary of a structure, making two arguments. First, he claims the court erred in denying his motion for judgment of acquittal because the state's case was based upon circumstantial evidence, none of which was inconsistent with his reasonable hypothesis of innocence. Second, he contends the trial court erred in refusing to grant a mistrial based upon the prosecutor's comment on his failure to testify. We conclude that the trial court ruled correctly and affirm.
Appellant was charged with burglary and theft of money from the Hibiscus Coffee and Tea restaurant. At trial, the manager testified that she left the restaurant at closing on the date of the incident. She could not remember if she was the last one to leave the restaurant or if all of the doors were locked when she left for the evening. She did recall leaving money in the cash register. The daughter of the president of the restaurant corporation arrived later that evening to transfer the day's earnings from the cash register to the safe and to set the alarm. Upon arrival, she discovered a door unlocked and the cash register empty except for change. There was no evidence of forced entry into the restaurant.
Activity in the restaurant was recorded on videotape by four security cameras. The areas filmed were the main entrance, the cash register, the ATM, and the staircase leading from offices above the restaurant to an area near the back employee entrance. The videotape showed that on the date of the incident at 6:40 p.m., a man unsuccessfully tried to enter the restaurant through two locked doors that displayed the restaurant's hours, indicating that the restaurant closed at 5:00 p.m. The man then walked out of camera view toward the employee entrance. There was no camera monitoring that entrance. At 6:43 p.m., the camera monitoring the cash register was abruptly pointed toward the ceiling, but the person who turned the camera was not captured on tape. At 6:44 p.m., the man who earlier tried to open the locked doors was shown on the tape running out of the restaurant. The man seen on the videotape was later identified as appellant.
At trial, appellant's attorney admitted appellant entered the restaurant but claimed he did so to inquire about employment opportunities. After the state rested *823 its case, appellant moved for a judgment of acquittal on the ground that, viewing all of the evidence in a light favorable to the state, the only evidence was circumstantial and not inconsistent with a reasonable hypothesis of innocence. The court denied the motion, and appellant was convicted by the jury, prompting this appeal.

Ruling on Motion for Judgment of Acquittal
"In a circumstantial evidence case such as this, a judgment of acquittal is appropriate if the State fails to present evidence from which the jury can exclude every reasonable hypothesis except that of guilt." Barwick v. State, 660 So.2d 685, 694 (Fla.1995) (citing Atwater v. State, 626 So.2d 1325, 1328 (Fla.1993); State v. Law, 559 So.2d 187, 188 (Fla.1989)). In ruling on the motion, the trial judge must determine that "there is competent evidence from which the jury could infer guilt to the exclusion of all other inferences. If there is an absence of such evidence, a judgment of acquittal is appropriate." Barwick, 660 So.2d at 694. (citation omitted).
Although the state must introduce competent evidence that is inconsistent with the defendant's theory of events, the state's evidence does not need to "conclusively rebut every possible variation of events which could be inferred from [defendant's] hypothesis of innocence." Id. at 695 (citations omitted). Whether the evidence fails to exclude all reasonable hypotheses of innocence is for the jury to decide. See Law, 559 So.2d at 188.
If there is room for a difference of opinion between reasonable people as to the proof or facts from which an ultimate fact is to be established, or where there is room for such differences on the inferences to be drawn from conceded facts, the court should submit the case to the jury.
Taylor v. State, 583 So.2d 323, 328 (Fla. 1991) (citing Lynch v. State, 293 So.2d 44, 45 (Fla.1974)). "[T]he jury need not believe the defense version of facts on which the state has produced conflicting evidence." Id. at 328-29 (citing Cochran v. State, 547 So.2d 928, 930 (Fla.1989)).
During opening statement, Durrant claimed that he entered the restaurant to look for employment. However, the state offered evidence inconsistent with this contention. Durrant was shown on the videotape approaching the locked entrance of the restaurant on which the hours of operation were posted. Durrant arrived over an hour after closing. He entered through the employee entrance, not a public entrance. During the short time in which he was in the closed restaurant, the camera over the cash register was turned away. He was then seen running from the restaurant moments later, another fact which is inconsistent with his theory that he entered the restaurant for an employment application and left when he discovered no one was there. These facts adduced by the state were inconsistent with his theory of innocence.
On appeal, appellant also argues the state engaged in an impermissible pyramiding of inferences. However, that argument was not made to the trial court. It is therefore not preserved for appeal. See Steinhorst v. State, 412 So.2d 332, 338 (Fla.1982).

Comment on Defendant's Failure to Testify
Although defense counsel stated in his opening statement that Durrant admitted to being in the restaurant looking for an employment application, Durrant did not testify and did not offer any other evidence. During his closing argument, the prosecutor noted, "[i]f he was going in for an employment application, of which there is no evidence by the way, [and] no sworn testimony by the way." Defense *824 counsel's immediate objection, was sustained by the trial court, and the jury was instructed to disregard the statement. The trial court denied a subsequent motion for mistrial.
Because only Durrant could have testified that his reason for going into the restaurant was to obtain an employment application, the prosecutor's statement was a comment on the defendant's failure to testify. See Rodriguez v. State, 753 So.2d 29, 38 (Fla.2000); Brown v. State, 771 So.2d 603, 605 (Fla. 4th DCA 2000). The state argues the comment was an invited response to defense counsel's opening statement. Rodriguez noted that whether a comment on a failure to testify is permissible under the "invited response" exception should be narrowly interpreted. 753 So.2d at 39. This case is distinguishable from other cases applying the invited response analysis to comments on the failure to testify. For instance, in Austin v. State, 700 So.2d 1233, 1235 (Fla. 4th DCA 1997), we determined the invited comment made by the prosecutor was a comment on other evidence introduced, not on the defendant's failure to testify. In Brown, we determined the prosecutor's comment in closing argument touched upon the defendant's failure to testify but was invited because of defense's opening statements, defense counsel's questioning of other witnesses throughout trial, and defense's closing argument. 771 So.2d at 605; see also Rivera v. State, 840 So.2d 284, 287 (Fla. 5th DCA 2003); Mitchell v. State, 304 So.2d 466, 469 (Fla. 3d DCA 1974). We have found no case where a statement by defense counsel in opening statement alone was determined to invite a comment on defendant's constitutional right not to testify in the prosecutor's closing argument.
We need not determine this point, however, because when defense counsel objected to the comment, the court sustained the objection and gave a curative instruction to the jury to disregard the comment. The court then denied defense counsel's subsequent motion for mistrial. Our standard for review of the denial of the motion for mistrial is whether the trial court abused its discretion. See Goodwin v. State, 751 So.2d 537, 546 (Fla.1999) (citations and footnote omitted). Thus, we must "determine whether the single improper remark, to which the trial court sustained an objection and gave a curative instruction, was so prejudicial as to deny defendant a fair trial." Id. at 547 (citation omitted). We conclude that it was not. Cf. Thomas v. State, 726 So.2d 369, 372 (Fla. 4th DCA 1999) (holding no abuse of discretion in denying a motion for mistrial despite prosecutor's impermissible comment on defense's failure to produce a witness, where defendant objected, trial court sustained the objection, and gave a curative instruction). We therefore affirm the conviction and sentence.
Affirmed.
STEVENSON, J., concurs.
TAYLOR, J., concurs specially with opinion.
TAYLOR, J., specially concurring.
I concur with the majority's conclusion that the trial court properly denied appellant's motion for judgment of acquittal. I also agree that the court did not abuse its discretion in denying the motion for mistrial, because in this case it cannot be said that the prosecutor's comments were so prejudicial as to vitiate the entire trial.

I believe, however, that the instruction to "disregard the last comment" would have been more effective in guarding against any prejudice resulting from the prosecutor's remarks had it included a prompt reminder to the jury that the defendant *825 has a constitutional right not to testify and to have the state prove every element of the criminal charge.