PER CURIAM.
Roderick V. Haygood appeals the denial of his motion for post-conviction relief. In his motion, Haygood raised six claims, three of which were summarily denied. In one of the claims summarily denied, claim two, Haygood argued defense counsel rendered ineffective assistance for failing to object to that part of the prosecutor’s closing argument where the prosecutor said:
You notice that when defense counsel was addressing you, he never once disputed the fact that this stuff right here came from that man; not once. Because there is no disputing it.
Haygood argues that this comment may be understood as a comment on his failure to testify. In summarily denying relief on this ground, the trial court held that the statement was “not necessarily objectionable” and when read in context “was relatively minor.” The trial court did not attach a transcript of closing arguments to its order.
A defendant has the constitutional right to decline to testify against himself *179 in a criminal proceeding. See U.S. Const, amend. V; art. I, § 9, Fla. Const. Therefore, “[a]ny comment on, or which is fairly susceptible of being interpreted as referring to, a defendant’s failure to testify is error and is strongly discouraged.” State v. Marshall, 476 So.2d 150, 153 (Fla.1985); see also Fla. R. Crim. P. 3.250 (prosecuting attorney prohibited from commenting on the defendant’s failure to testify on his or her behalf). The “fairly susceptible” test is a “very liberal rule.” Dessaure v. State, 891 So.2d 455 (Fla.2004). Defense counsel’s failure to object to an improper comment by the prosecution may serve as a basis for a post-conviction claim. Darling v. State, 966 So.2d 366, 385 (Fla.2007) (holding the defendant had stated an arguable basis for finding counsel deficient for failing to object to improper prosecutorial comments). Rule 3.850, Florida Rules of Criminal Procedure, provides that when a claim is denied without benefit of an evi-dentiary hearing and when the denial is not predicated on legal insufficiency of the claim, the trial court is to attach to its order that portion of the files and records that conclusively show a movant is not entitled to relief. As noted, the lower court did not attach any portion of the record conclusively demonstrating that Haygood was not entitled to relief on that part of claim two noted above.
Therefore, we reverse the summary denial of claim two and remand for the trial court to either attach records refuting it or to evaluate that portion of the claim at an evidentiary hearing. See Peede v. State, 748 So.2d 253, 257 (Fla.1999) (“To uphold the trial court’s summary denial of claims raised in a 3.850 motion, the claims must be either facially invalid or conclusively refuted by the record.”).
AFFIRMED in part, REVERSED in part, and REMANDED.
BENTON and PADOVANO, JJ., and SENTERFITT, ELIZABETH, Associate Judge, concur.