# Third District Court of Appeal

## State of Florida

Opinion filed August 16, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1740
Lower Tribunal No. 16-2598
_____


**Emiliano E. Noriega,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Miguel de la O, Judge.

Carlos J. Martinez, Public Defender, and Natasha Baker-Bradley, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Michael W. Mervine, Assistant Attorney General, for appellee.


Before SUAREZ, FERNANDEZ and LUCK, JJ.

LUCK, J.

Defendant Emiliano E. Noriega, after trial, was convicted of trespassing in the backyard of Mr. and Mrs. Eduardo Godoy's home. Noriega contends on appeal that his conviction should be reversed because two statements made by the state during its closing argument shifted and misstated the burden of proof. Even though he did not object to either statement, Noriega claims that together they resulted in fundamental error. After review of the record and briefs, we find no error, and affirm.

In the early morning hours of February 8, 2016, Eduardo Godoy, a retired security officer, was awoken by the barking of his neighbor's dog. Looking through the window of his bedroom, he saw Noriega walking around his backyard and called 911. As Godoy spoke with the 911 dispatcher, Noriega started walking toward the front of the house. The dispatcher told Godoy not to leave his home, but Godoy decided to stop the man, who he believed to be a burglar. Godoy armed himself and encountered Noriega in the front driveway holding a bag, which Godoy recognized as belonging to his daughter and had been stored in an open utility room in the backyard. At gun point, Godoy ordered Noriega to put his hands up and get down. Noriega dropped the bag, containing batteries and flashlights, said "I'm going home," and ran off. Godoy initially pursued but retreated when he saw Noriega stopped by police about three houses down from his home.

Noriega was arrested and charged with burglary of an occupied dwelling and petit theft. At his trial, Godoy, his wife and daughter, and the arresting officer testified. Godoy's wife and daughter corroborated Godoy's testimony. The arresting officer testified that Noriega was out of breath from running when he was stopped, but was otherwise calm and obeyed the officer's instructions in all respects. Noriega was not wearing gloves, a mask, or a hoodie and carried no weapons, burglary tools, or a bag.

The theory of defense at trial, which was relayed to the jury beginning with opening statement, was that Noriega had been out late at a Super Bowl party, had exited a bus near Godoy's home, and on the way home felt the need to urinate. Noriega decided to go into the bushes in front of Godoy's home where he was later confronted by the armed Godoy. The defense denied Noriega was in the backyard or that he took any bag.

During the state's closing argument, the state first reviewed the evidence supporting the elements of the crimes charged and then, without objection, argued:

> But you should know. You can only use the evidence presented to you. And the arguments by the attorneys in either opening and closing by the State or by the defense is not evidence. In fact, even the questions by the attorneys either the State or the defense to the witnesses are not evidence. The evidence before you is what the witnesses say, that is what you're assessing.
> So I would like you to note that there is zero evidence of the defendant urinating. There is zero evidence of any bus drop off. There is zero evidence any party go. Now, there's no evidence of that because, of course, it didn't happen. . . .

3

. . . .

> [Godoy's wife and daughter] told you only what they saw and that corroborates what happened that night. Because that's how it happened. What simple is true.
>
> That is your job through the day is to ask yourselves three words; what is true? Because described on the courtroom wall is we do labor here seek only the truth. So what happened here? You know what happened beyond a reasonable doubt.

Subsequently, the jury convicted Noriega of the lesser-included offense of trespass.

On appeal, Noriega claims he was deprived of a fair trial by the state's closing argument, which he contends misstated the burden of proof and shifted the burden from the state to him. Noriega candidly acknowledges that, because he failed to contemporaneously object to the argument during the trial, the challenged comments were not preserved for appellate review. See Tillman v. State, 471 So. 2d 32, 35 (Fla. 1985) ("In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved.") Therefore, he urges this court to review the cumulative effect of the alleged errors under the fundamental error standard. See Brooks v. State, 762 So. 2d 879, 898-99 (Fla. 2000) ("The sole exception to the general rule [requiring contemporaneous objection] is where the unobjected-to comments rise to the level of fundamental error, which has been defined as error that 'reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.'"

(quoting McDonald v. State, 743 So. 2d 501, 505 (Fla. 1999)). We find no error, fundamental or otherwise.

Noriega, first, contends the state's closing argument that there was "zero evidence of the defendant urinating" shifted the burden of proof from the state to him. Where the defendant presents and argues for its theory of the case, the state is permitted to respond (if true) that the defendant's theory is not supported by the evidence at trial. The Florida Supreme Court has twice said so within the last decade.

In Scott v. State, 66 So. 3d 923 (Fla. 2011), the state introduced at trial a jailhouse recording of the defendant and his co-conspirator talking about the robbery and murder. Id. at 927. During the defendant's closing argument, he "insinuated that [the co-conspirator] had scripted the jailhouse conversation with a third party in order 'to go home' because [the co-conspirator] was the actual killer." Id. at 930. The defendant's theory, in other words, was that the co-conspirator "scripted this conversation with someone other than" the defendant in order to shield himself from a longer sentence. Id. The state, in its closing argument, "went no further than to point out the lack of evidence to support [the defendant's] alternative theory and that the [s]tate's evidence on this matter was uncontradicted." Id. This response, the Florida Supreme Court concluded, "did not constitute impermissible burden-shifting, but [was] rather invited responses to

5

[the defendant's] own suggestion that [the co-conspirator] could have scripted the recording in an effort to frame [the defendant] for the murder." Id. "[T]he [s]tate is permitted to emphasize uncontradicted evidence for the narrow purpose of rebutting defense arguments since the defense has invited the response." Id. at 929-30 (quotation omitted).

Likewise, in Poole v. State, 997 So. 2d 382 (Fla. 2008), the defendant said in closing argument that he "acknowledged that he committed the crimes of sexual battery, robbery, and burglary but denied that he was the person who inflicted injuries on [the victims]." Id. at 390. In response, the state argued "that there was no evidence in the case to support the argument that [the defendant] acknowledged he committed those crime or to support the argument that someone else inflicted the injuries on the victims." Id. The state's comments, the Court explained, "were invited responses," and therefore "cannot be deemed improper." Id.

Here, too, Noriega argued an alternative theory of the case that he was walking past Godoy's home when nature called and Noriega used Godoy's bushes as a restroom. Godoy, the theory goes, made up the story that Noriega entered Godoy's property and stole the sack of flashlights because Godoy improperly threatened and chased Noriega with a firearm, and Godoy didn't want to get in trouble with the police. This is what Noriega said in his opening statement:

> At that moment in time Mr. Godoy realizes that he just held somebody at gun point who was not a burglar[], who was not doing

anything wrong – Mr. Godoy has to come up with a story. Unfortunately, for Mr. Noriega it's a story that puts him in Mr. Godoy's back yard. So Mr. Godoy tells the police oh yeah that guy, he was in my front yard. He was in my back yard going through my stuff. He was stealing from me. . . .

. . . . [A]s [Noriega's] walking down the path to his friend[']s house and then he gets to 969 East 29th Street, now being 52-years-old at that time and now 53, with – or what he had consumed, Mr. Noriega felt the need to urinate.

Now, I'm not asking if you like this and it's not okay. But what if he goes to the bushes on 969 East 29th Street – and that fence is not protected by anything, and in the bushes and was about to urinate. The problem is that [Noriega's] a little too close to Federico Godoy's cars. And it was that moment in time Federico Godoy comes out with the gun . . . .

In response to Noriega's defense theory that he did not enter Godoy's property but was instead using the bathroom at the edge of the property line, the state was permitted to argue the lack of evidence supporting this theory. Indeed, of the four witnesses that testified at trial (Godoy, his wife and daughter, and the law enforcement officer who made the arrest), not one said Noriega was urinating in the bushes. As in Scott and Poole, the state's lack-of-evidence argument was an invited and fair response to Noriega's defense theory, and not error.

Noriega, next, contends that the state's "what is true" comment misstated the burden of proof by focusing the jury on whether it believed the state's witnesses rather than on whether the state proved its case beyond a reasonable doubt. While Noriega's focus is on two lines of the state's ten page closing argument, we must look to the closing as a whole to determine whether there was error. See Merck v.

7

<u>State</u>, 975 So. 2d 1054, 1061 (Fla. 2007) ("We look at the closing argument as a whole to determine whether that discretion was abused."); <u>Wilchcombe v. State</u>, 842 So. 2d 198, 200 (Fla. 3d DCA 2003) ("Here, on the whole, the comments made during closing were fair comments on the evidence and direct responses to defense arguments, and did not amount to 'fundamental error' which tainted the validity of the trial."). Here, reviewed as a whole, the state did not misstate the burden of proof. The state repeatedly told the jury that the evidence proved Noriega committed the charged crimes beyond a reasonable doubt.

For example,[1] the state argued:

> How there is <u>zero reasonable doubt in this case</u>, that forced doubts, that may allow you to entertain a friction [sic] about how a family of three and police framed a man and none of even know because it wouldn't be just Mr. Godoy would be part of this conspiracy and lying. . . . <u>That's not reasonable. The doubt must be reasonable</u>.
> The case is full of facts like the bag. Facts that are on their own have no explanation but for dealings. <u>Facts are defy reasonable doubt</u> and in this case defy a verdict of not guilty.

The state also argued:

> The only two questions that legally matter, did any part of [Noriega] enter someone's home including as the Judge just finished reading to you the enclosed space around it? And did the defendant in crossing that threshold do so because he was looking to steal something. <u>If you answer yes to those questions beyond a reasonable doubt</u>, your verdict must be guilty.

---

[1] Emphasis has been added to each of the quotes from the state's closing argument that follow.

And the state argued: "So we know at the very least the defendant was trespassing. That, you know <u>beyond a reasonable doubt as well</u>." Even in the portion of the closing argument that Noriega claims misstated the burden of proof, the state emphasized the correct burden:

> That is your job through the day is to ask yourself three words; what is true? Because described on the courtroom wall is we do labor here seek only the truth. So what happened here? <u>You know what happened here beyond a reasonable doubt</u>.

Taken as a whole, including the trial court's instructions to the jury before and after the closing arguments, the state's closing did not misstate the burden the proof. The state was clear that the jury had to find that Noriega committed the charged crime beyond a reasonable doubt based on the evidence and testimony presented during the trial.

For these reasons, Noriega's trespass conviction and sentence are affirmed.

Affirmed.