# Third District Court of Appeal

## State of Florida

Opinion filed November 22, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-940
Lower Tribunal No. 13-24416
_____

**Schmertz Pierre-Louis Jr.,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Rodolfo A. Ruiz, Judge.

Carlos J. Martinez, Public Defender, and Jonathan Greenberg, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Jonathan Tanoos, Assistant Attorney General, for appellee.

Before ROTHENBERG, C.J., and SUAREZ and EMAS, JJ.

EMAS, J.

Following a jury trial on the charge of second-degree murder, Schmertz Pierre-Louis, Jr. was convicted of manslaughter and sentenced to thirty years' state prison followed by ten years' probation.

On appeal, Pierre-Louis, Jr. asserts four claims of error during closing argument. We affirm, and write to address one of those claims.[1]

Pierre-Louis, Jr. contends that, during closing argument, the State improperly commented on his right not to testify at trial. Appellant relies for this contention upon the following passage in the State's rebuttal closing:

PROSECUTOR: [Defense counsel] says that paying to stay at a hotel is not against the law. Paying to change your clothes and put clothes on is not against the law. Dreadlocks are not against the law. Cutting your dreadlocks off is not against the law.

DEFENSE: Objection, Your Honor. Motion.

PROSECUTOR: Shooting somebody is. <u>He is not on the stand because he paid for a hotel room</u>.

DEFENSE: Objection. Motion.

COURT: Overruled.

(Emphasis added.)

A criminal accused has a constitutional right not to testify in his trial. U.S. Const., Amend. V; Art. I, § 9, Fla. Const. Therefore, "any comment on, or which

---

[1] We affirm as to the remaining three claims (improper bolstering of a witness, misstatement of the evidence, and argument as to consciousness of guilt) without further discussion.

is fairly susceptible of being interpreted as referring to, a defendant's failure to testify is error and is strongly discouraged." State v. Marshall, 476 So. 2d 150, 153 (Fla. 1985).  See also Fla. R. Crim. P. 3.250 (entitled "Accused as Witness" and providing: "In all criminal prosecutions the accused may choose to be sworn as a witness in the accused's own behalf and shall in that case be subject to examination as other witnesses, but no accused person shall be compelled to give testimony against himself or herself, nor shall any prosecuting attorney be permitted before the jury or court to comment on the failure of the accused to testify in his or her own behalf").

However, a more expansive review of the transcript reveals that the prosecutor was not attempting to point out why the defendant was not "on the stand," but instead was arguing why the defendant was on trial.

The defense, during its closing, argued that the State was improperly relying upon innocent conduct (e.g., changing his clothes and cutting his dreadlocks) to prove its case.  The defense argued that this conduct was not illegal and should not be relied upon as evidence of guilt.   The State in its rebuttal was responding to this defense argument.   Here is a more complete excerpt of the State's rebuttal argument:

> PROSECUTOR:   [Defense counsel] says that paying to stay at a hotel is not against the law.  Paying to change your clothes and put clothes on is not against the law.

> Dreadlocks are not against the law. Cutting your dreadlocks off is not against the law.

DEFENSE: Objection, Your Honor. Motion.

PROSECUTOR: Shooting somebody is. He is not on the stand because he paid for a hotel room.

DEFENSE: Objection. Motion.

COURT: Overruled.

PROSECUTOR: <u>He is not sitting here as a defendant because he paid for a hotel room. He is not sitting here before you because he changed his clothes. He's sitting here before you because he shot and killed [the victim].</u>

(Emphasis added.)

Even if the trial court erred in overruling the initial objection, we conclude that such error was nevertheless rendered harmless by the State's immediate corrective action, telling the jury that the defendant was not "sitting here" because of innocent conduct, but rather was "sitting here" because of the act in shooting and killing the victim. Under these circumstances, the prosecutor's isolated slip of the tongue,[2] followed by an immediate correction, was not <u>fairly</u> susceptible of being interpreted by the jury as a comment on the defendant's failure to testify.

---

[2] We note that the statement, "[h]e is not on the stand because he paid for a hotel room," does not even make sense, and the only reasonable conclusion, under the circumstances and in light of the prosecutor's immediate correction, is that the prosecutor simply misspoke and intended to say "[h]e is not <u>on trial</u> because he paid for a hotel room." The trial court reached this very conclusion in denying the defense's motion for mistrial following the conclusion of the closing arguments.

We therefore conclude that any error in overruling the initial objection was harmless beyond a reasonable doubt. State v. DiGuilio, 491 So. 2d 1129 (Fla. 1986).

Affirmed.