DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ALTON BERNARD MANOR,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-0234

[July 5, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Krista Marx, Judge; L.T. Case No. 502016CF007823BMB.

Ramona L. Tolley of Ramona L. Tolley, P.A., Fort Lauderdale, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Joseph D. Coronato, Jr., Assistant Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, J.

Alton Manor appeals his conviction and sentence for one count of burglary of a structure or conveyance, one count of grand theft, one count of criminal mischief, and one count of possession of burglary tools. Appellant argues that the prosecutor fundamentally erred by commenting on his silence at trial. We affirm.

While patrolling an industrial area at 11:30 p.m., an officer noticed a box truck parked behind a closed business. Appellant was sitting in the front passenger seat of the truck. After the officer observed several tools inside of the truck, including a bolt cutter and torches, he searched the area and discovered that the chain link fence surrounding a nearby tool rental business was cut open. Lined up along the outside of the compromised fence were several large tools belonging to the tool rental business.

During direct examination, the prosecutor asked the officer whether Appellant had an explanation for his presence in the parking lot that night. The officer responded, without objection, that when he approached

Appellant and asked if everything was okay, Appellant did not respond or otherwise explain what he was doing in the parking lot. In closing argument, the prosecutor commented on Appellant's failure to explain his presence in the parking lot that night and specifically asked the jury to take that failure into consideration. Appellant, who did not testify at trial, failed to object to the prosecutor's comments. This appeal follows.

It is well established that "[a] defendant has the constitutional right to decline to testify against himself in a criminal proceeding." *Rodriguez v. State*, 753 So. 2d 29, 37 (Fla. 2000). Accordingly, "[a]ny comment on, or which is fairly susceptible of being interpreted as referring to, a defendant's failure to testify is error and is strongly discouraged." *State v. Marshall*, 476 So. 2d 150, 153 (Fla. 1985). The "fairly susceptible" test is a "very liberal rule." *State v. DiGuilio*, 491 So. 2d 1129, 1135 (Fla. 1986). When a defendant does not testify at trial, use of the defendant's pre-arrest silence "as substantive evidence of guilt violates the defendant's right against self-incrimination under the Florida Constitution." *State v. Horwitz*, 191 So. 3d 429, 431 (Fla. 2016).

In the present case, there is no doubt that the prosecutor's comments on Appellant's failure to explain his presence in the parking lot that night are fairly susceptible of being interpreted as a comment on Appellant's silence at trial. *See id.*; *Rodriguez*, 753 So. 2d at 37–38. Nevertheless, Appellant did not object to the comments and we may therefore only reverse if the comments amounted to fundamental error. Under the facts of this case, we hold that none of the unpreserved comments rise to the level of fundamental error. *See Spencer v. State*, 842 So. 2d 52, 75–76 (Fla. 2003) (recognizing that even erroneous comments on a defendant's failure to testify "do not require an automatic reversal"); *Rodriguez*, 753 So. 2d at 39 (holding that the prosecutor's remarks that "[t]here were no two sides" or other theory of innocence advanced at trial, although "susceptible to interpretation as comments on the defendant's failure to testify and also to impermissibly suggest a burden on [the defendant] to prove his innocence," were harmless).

*Affirmed.*

KUNTZ, J., and FAHNESTOCK, FABIENNE, Associate Judge, concur.

\*     \*     \*

**Not final until disposition of timely filed motion for rehearing.**

2