# Third District Court of Appeal

## State of Florida

Opinion filed March 30, 2022.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D20-1636
Lower Tribunal No. F04-36997

————————

**Tedrick Page,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Marisa Tinkler Mendez, Judge.

Carlos J. Martinez, Public Defender, and Shannon Hemmendinger, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Richard L. Polin, Assistant Attorney General, for appellee.

Before FERNANDEZ, C.J., and EMAS and BOKOR, JJ.

PER CURIAM.

Affirmed. See Walls v. State, 926 So. 2d 1156, 1166 (Fla. 2006) ("A prosecutor's comments are not improper where they fall into the category of an 'invited response' by the preceding argument of defense counsel concerning the same subject"); Noriega v. State, 228 So. 3d 170 (Fla. 3d DCA 2017) (State's comment in its rebuttal closing argument—that there was "zero evidence" to support defendant's alternative theory of the case—was not an improper, burden-shifting argument where it was made in response to, and was invited by, the defense's closing argument); Joyner v. State, 979 So. 2d 1246 (Fla. 4th DCA 2008) (holding "a defendant 'may not make or invite an improper comment and later seek reversal based on that comment'") (citation omitted); Rivera v. State, 840 So. 2d 284, 286-87 (Fla. 5th DCA 2003) ("In order to determine whether improper remarks constitute reversible error, they should be reviewed within the context of the closing argument as a whole and considered cumulatively within the context of the entire record. Thus, a comment standing alone may be viewed as inappropriate, but when considered within the context of the entire closing argument and the record, it may be a fair comment") (internal quotations and citations omitted); Brown v. State, 771 So. 2d 603, 605 (Fla. 4th DCA 2000) (holding prosecutor's comments were permissible as an invited response). See also U.S. v. Robinson, 485 U.S. 25, 32 (1988) (holding that where

2

"prosecutor's reference to the defendant's opportunity to testify is a fair response to a claim made by defendant or his counsel, we think there is no violation of the privilege" and further observing: "The central purpose of a criminal trial is to decide the factual question of the defendant's guilt or innocence [and] [t]o this end it is important that both the defendant and the prosecutor have the opportunity to meet fairly the evidence and arguments of one another"); U.S. v. Martinez-Larraga, 517 F.3d 258, 268 (5th Cir. 2008) (reiterating that "the protective shield of the Fifth Amendment should [not] be converted into a sword" and affirming denial of motion for mistrial where prosecutor's reference to defendants' failure to make a statement was a fair response to defense counsel's argument that defendant had not admitted he possessed marijuana) (internal citation omitted).